FILED
APR 20 2001
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 01CR 50 H |
| ) | |
| v. ) | No. 01-CR- |
| ) | |
| JIM D. SHOFNER, ) | INFORMATION |
| ) | 18 U.S.C. § 371: Conspiracy |
| Defendant. ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

<u>COUNT ONE</u>

[18 U.S.C. § 371]

<u>The Conspiracy</u>

1. From on or about June 26, 1995, until on or about March 24, 1997, in the Northern District of Oklahoma and elsewhere, defendant JIM D. SHOFNER did unlawfully, wilfully, and knowingly conspire, combine, confederate, and agree with Barbara Jean Tillman, a/k/a Barbara Jean Hale, a/k/a Barbie Hale, and a/k/a B. Hale (Tillman):

    A.    to commit concealment of assets in violation of Title 18, United States Code, Section 152(7), by knowingly and fraudulently concealing Tillman's money and property from the appointed trustee and creditors, including the Internal Revenue Service, in the case of Barbie Hale, a/k/a B. Hale, case no. 96-01454-R, in the United

States Bankruptcy Court for the Northern District of Oklahoma, with the intent to defeat the provisions of Title 11 and the payment of said creditors, including the Internal Revenue Service; and

      B.    to defraud the United States Department of the Treasury, Internal Revenue Service, by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service in the collection of the revenue.

Ways, Manner, and Means

It was part of the conspiracy that, in order to conceal Barbara Jean Tillman's assets from the Internal Revenue Service, the appointed trustee, and her creditors and to defeat the payment of her creditors:

2. In June 1995, Tillman took title to real estate in Tulsa County, Oklahoma, in a pseudonym;

3. In April 1996, Tillman sold the real estate and received payment therefor in the pseudonym, employing a social security account number that was not assigned to her;

4. Prior to Tillman's receipt of the proceeds of the sale, defendant JIM D. SHOFNER, as Tillman's bankruptcy attorney and on her behalf, filed in the United States Bankruptcy Court for the Northern District of Oklahoma a voluntary petition seeking relief pursuant to chapter 7 of Title 11, United States Code, and schedules

and a statement of financial affairs that falsely concealed Tillman's interest in the real estate and the proceeds of its sale;

5. In April 1996, after Tillman filed her bankruptcy petition, defendant JIM D. SHOFNER deposited to his trust accounts two closing proceeds checks payable to Tillman in her pseudonym for the total amount of $121,338.46; and

6. During Tillman's bankruptcy case, defendant JIM D. SHOFNER returned to Tillman funds totaling approximately $121,338.46.

### Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, defendant JIM D. SHOFNER and Tillman performed overt acts in the Northern District of Oklahoma and elsewhere including, but not limited to, the following:

7. On May 22, 1995, Tillman, then known as Barbara Jean Hale, signed a contract for the purchase of property described as Lot 15, Block 4, Mill Creek Pond, Plat No. 3897, a/k/a 6114 E. 98th Street, Tulsa, Oklahoma (the property), and on June 26, 1995, with defendant JIM D. SHOFNER's knowledge and consent, Tillman instructed the settlement agent to prepare the deed to the property in the name Jean MacHale, a pseudonym defendant JIM D. SHOFNER and Tillman used to conceal the property's true ownership from the Internal Revenue Service and other creditors.

8. On April 19, 1996, defendant JIM D. SHOFNER and Tillman participated

in closing transactions respecting the sale of the property for net proceeds of $21,338.46 cash and $100,000.00 due on April 30, 1996, and payable to Jean MacHale. Further, Tillman signed an IRS Reporting Information form respecting the sale of the property that was falsely completed with a social security account number that was not assigned to her.

9. On April 22, 1996, defendant JIM D. SHOFNER, as Tillman's bankruptcy attorney, caused to be filed in the United States Bankruptcy Court for the Northern District of Oklahoma a voluntary petition on behalf of Tillman, then known as Barbara Jean Hale, Barbie Hale, and B. Hale, seeking relief pursuant to chapter 7 of Title 11, United States Code. Defendant JIM D. SHOFNER caused schedules and a statement of financial affairs that falsely concealed Tillman's interest in the property and the $121,338.46 payable to her to be simultaneously filed.

10. On April 30, 1996, defendant JIM D. SHOFNER, with Tillman's concurrence, deposited to his attorney trust account at State Bank & Trust, Tulsa, Oklahoma, a closing proceeds check payable to Jean MacHale in the amount of $21,338.46.

11. Also on April 30, 1996, defendant JIM D. SHOFNER, with Tillman's concurrence, opened a client trust account with the Bank of Oklahoma, Tulsa, Oklahoma, and deposited another proceeds check payable to Jean MacHale in the

amount of $100,000.00. Both checks had been endorsed and delivered to defendant JIM D. SHOFNER by Tillman.

12. Between May 3, 1996, and November 1, 1996, defendant JIM D. SHOFNER, at Tillman's request, provided to her cash and checks payable to her, Jean MacHale, and other persons (for Tillman's use and benefit) that totaled approximately $121,338.46.

All in violation of Title 18, United States Code, Section 371.

THOMAS SCOTT WOODWARD
United States Attorney

*[signature]*

Scott W. Putney
Assistant United States Attorney