F I L E

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

OCT 16 20

Phil Lombardi,
U.S. DISTRICT CO

AMENDED
**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

UNITED STATES OF AMERICA

V.

Jim D. Shofner

(Correction Due to Clerical Error, Fed.R. Crim P.36)

Case Number: 01-CR-050-001-C

Tony M. Graham
Defendant's Attorney

ENTERED ON DOCKET

DATE 10/17/01

**THE DEFENDANT:**

Pleaded guilty to Count One of the Information on May 30, 2001.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy | 03-24-97 | 1 |

As pronounced on September 27, 2001, the defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the _16th_ day of _Oct._, 2001.

The Honorable H. Dale Cook
U.S. District Judge

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: September 12, 1943
Defendant's USM No.: 08927-062
Defendant's Residence and Mailing Address: 1851 East 31st Place, Tulsa, OK 74105

Defendant: Jim D. Shofner  Judgment - Page 2 of 5
Case Number: 01-CR-050-001-C

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of eighteen (18) months.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

Before 9 a.m. on November 5, 2001.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
    Deputy Marshal

Defendant: Jim D. Shofner                                                                                   Judgment - Page 3 of 5
Case Number: 01-CR-050-001-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will successfully participate in cognitive/life skills training or similar programming as directed by the probation officer.
5. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
6. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7. You will notify the probation officer at least ten days prior to any change of residence or employment.
8. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
9. You will submit to urinalysis or other forms of testing to determine illicit drug use as directed by the probation officer; if directed by the probation officer, you will successfully participate in a program of testing and treatment (to include inpatient) for substance abuse until released from the program by the probation officer.
10. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
11. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
12. You will provide access to all personal and business financial information as requested by the probation officer; and you shall, if directed by the probation officer, not apply for or acquire any credit unless permitted in advance by the probation officer.
13. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
14. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
15. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
16. You will not possess a firearm, destructive device, or other dangerous weapon.

ADDITIONAL CONDITIONS:

1. The defendant shall abide by the "Special Financial Conditions" enumerated in General Order Number 99-12, filed with the Clerk of the Court on July 13, 1999.

2. The defendant shall not file on behalf of any third party, any bankruptcy petition under Title II (eleven) of the Federal Code.

3. The defendant shall not participate in the preparation of any tax return on behalf of any third party.

Defendant: Jim D. Shofner                                                                                       Judgment - Page 4 of 5
Case Number: 01-CR-050-001-C

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $4,000.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count One of the Information, which shall be due immediately.

### RESTITUTION

Restitution in the amount of $121,328.46 is applicable; however, it has been paid in full by the defendant in a related case.

The defendant shall make restitution to the following persons in the following amounts:

Restitution shall be paid in full immediately. If a victim has received compensation from insurance or any other source with respect to a loss, restitution shall be paid to the person who provided or is obligated to provide the compensation, but all restitution of victims shall be paid to the victims before any restitution is paid to such a provider of compensation.

### FINE

The defendant shall pay a fine of $4,000.00 for Count One of the Information. This fine shall be paid in full immediately. Any amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program. Upon release from custody, any unpaid balance shall be paid during the term of supervised release.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

Unless the interest is waived, the defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

If the fine and/or restitution is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. The defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 West 4th Street, Rm. 411, Tulsa, Oklahoma 74103, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant: Jim D. Shofner Judgment - Page 5 of 5
Case Number: 01-CR-050-001-C

## STATEMENT OF REASONS

The Court adopts the factual findings and guidelines application in the presentence report.

**Guideline Range Determined by the Court:**

| | | |
|---|---|---|
| Total Offense Level: | 15 | |
| Criminal History Category: | I | |
| Imprisonment Range: | 18 to 24 months | Count 1 |
| Supervised Release Range: | 2 to 3 years | Count 1 |
| Fine Range: | $4,000 to $40,000 | Count 1 |

Total amount of Restitution: $121,338.46   (PAID IN FULL)

The sentence is within the guideline range, that range does not exceed 24 months, and the sentence is imposed for the following reason:   A sentence at the low end of the guideline range is imposed because of the defendant's cooperation and assistance to the government.